## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**JAMES LEACH,**

           **Petitioner,**

**v.**                                 **Civil No.: 5:18CV107**
                                       **JUDGE STAMP**

**FREDERICK ENTZEL,**

           **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On July 2, 2018, the pro se Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Petitioner is a federal inmate who is incarcerated at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the District of Missouri.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL HISTORY[1]

**A. Conviction and Sentence**

On February 12, 2010, Petitioner was charged by a Superseding Redacted

---

[1] The facts are taken from the Petitioner's criminal Case No.4:09cr579 in the United States District Court for the Eastern District of Missouri, available on PACER. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

.

Indictment with count one: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); count two: distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1); count three possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); count four: distribution of a controlled substance on a premises where individuals under the age of 18 were present in violation of 21 U.S.C. § 860(a); counts five and six: witness tampering by corrupt persuasion in violation of 18 U.S.C. § 1512(b); count seven: conspiracy to obstruct justice in violation of 18 U.S.C. § 371; and count eight: obstruction of justice in violation of 18 U.S.C. §§ 1512(b) and 2(b).

On March 12, 2010, Petitioner entered into a plea agreement by which in exchange for his guilty plea to count three (possession of a firearm in relation to a drug trafficking crime), the government agreed to dismiss the remaining seven counts of the Superseding Redacted Indictment. The Court deferred sentencing pending preparation of a presentence report ("PSR").

A PSR was prepared and sentencing was held on June 10, 2010. According to the PSR, the applicable guideline sentence for the 924(c) violation was the minimum term of imprisonment required by the statute. *See*, U.S.S.G. 2K2.4(b). The PSR then applied the career offender guideline, U.S.S.G. § 4B1.1(a), to enhance the applicable guideline range found in § 4B1.1(c)(3), to 262 to 327 months imprisonment. The district judge found that Petitioner qualified as a career offender based on his prior Missouri state court convictions of First Degree Assault, Mo. Rev. Stat. § 565.050, and Manufacturing a Controlled Substance, Mo. Rev. Stat. § 195.211. The Court departed downward from the low end of the enhanced guideline range and sentenced Petitioner to a 204-month term.

### B. Direct Appeal

No appeal was taken.

### C. First Motion to Vacate

On December 20, 2010, Petitioner filed a motion under 28 U.S.C. § 2255 in which he made four allegations.[2] First, he alleged that his counsel was ineffective for failing to contest an alleged illegal search of his mobile home, for failing to explain to him what was occurring during the proceedings, and for failing to help him with his habeas petition. Second, he alleged that his residence was subject to an illegal search in violation of the fourth amendment. Third, he alleged that he was mentally incompetent at the time of the hearings. Fourth, he alleged that he was threatened by the prosecuting attorneys. On March 24, 2014, a memorandum and order was entered denying Petitioner's motion to vacate and declining to issue a certificate of appealability because he had not made a substantial showing of the denial of a federal constitutional right.

### D. Second Motion to Vacate

On June 20, 2016, after the Supreme Court decided *Johnson v. United States*[3], 135 S.Ct. 2551 (2015), Petitioner, through counsel, filed a Motion to Vacate, Set-Aside or Correct Sentence under 28 U.S.C. § 2255(f)(3). Petitioner alleged that he was entitled to be resentenced without application of the career offender guideline because the definition of "crime of violence" contained in U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague considering the rule announced in *Johnson*. Therefore, Petitioner argued that his prior Missouri state conviction for first degree assault no longer qualified as a "crime of violence" for purposes of § 4B1.1(a).

---

[2] *See* Civil Case No. 4:10cv2384, Eastern District of Missouri.
[3] *See* discussion of *Johnson* in the analysis portion of this Report and Recommendation.

3

On June 24, 2016, the motion to vacate was denied and dismissed without prejudice, because records indicated the Petitioner previously filed a 2255 motion that was denied on the merits and was therefore a "second or successive motion." However, the district court ordered that the clerk to transfer the motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. 1631. On March 21, 2017, the Eight Circuit denied Petitioner authorization to file a successive § 2255 motion.

## II.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner relies on one theory. In effect, he alleges that his prior convictions under Missouri law can no longer serve to subject him to a career offender offense. In support of this argument, Petitioner relies on *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *Mathis v. United States*[4], 136 .Ct. 2243 (2016) and *Johnson*. For relief, Petitioner requests that his sentence and/or conviction be vacated.

## III.   LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and

---

[4] In *Mathis,* the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. *In re Vial*, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in *Wheeler*.  *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## IV.   ANALYSIS

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, Petitioner fails to meet the second prong of Wheeler. Liberally construed, the Petitioner appears to assert that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they

> ever were-just the facts, which ACCA (so we have held, over and over) does
> not care about.

136 S.Ct. at 2557. Put simply, *Mathis* sets forth a "procedural rule that has not been made retroactive on collateral review." *Fisher v. Rickard*, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). *See also Walker v. Kassell*, 726 Fed. Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (*Mathis* has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

Likewise, Petitioner's reliance of *Johnson* is misguided. In *Johnson*, the Supreme Court considered a constitutional vagueness challenge to the ACCA, which imposed enhanced penalties on certain offenders with three or more convictions for a "violent felony." 135 S,Ct. at 25555. The ACCA defines the term "violent felony" to includes those that "involve[ ] conduct that presents a serious potential rise of physical injury to another." *Id.* (citing 18 U.S.C. § 924(e)(a)(B). Reasoning that this "residual clause" involved too much uncertainty about "how to estimate the risk posed by a crime," and how much risk sufficed to qualify a felony as violent, the Supreme Court struck the clause from the statute as unconstitutionally vague. *Id.* at 2557-59; *see also Welch v. United States*, 136 S.Ct. 1257 (2016) (holding that *Johnson* announced a substantive rule that should be applied retroactively to cases on collateral review).

The language of the ACCA's invalidated residual clause can also be found in the residual clause of the career offender provision of the Sentencing Guidelines. However, Petitioner's argument that that his career offender status is unlawful because it was based on the residual clause of U.S.S.G. § 4B1.2(a)(2) has been foreclosed by the Supreme

9

Court's decision in *Beckles v. United States*, which held that the residual clause in § 4B1.2(a)(2) is not void for vagueness because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S.Ct. 886, 890 (2017).

Furthermore, even if Petitioner could meet the second prong of the *Wheeler* test, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the sentencing Guidelines were mandatory. *Id.* at 714.

However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker, advisory* Guidelines, his petition would have been barred as failing to meet the fourth *Wheeler* prong. Id. at 715 ("*Foote*[7] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-*Booker*, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-*Booker*, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether

---

[7] In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. *Foote*, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the *Lester* Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced under the post-*Booker*, advisory Guidelines, regardless of whether this was a misapplication of the guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 29, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE