IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES LEACH,

    Petitioner,

v.                               Civil Action No. 5:18CV107
                                       (STAMP)
FREDERICK ENTZEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

## I. Procedural History

The pro se[1] petitioner, James Leach, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. In his petition, petitioner challenges the validity of his sentence imposed by the United States District Court in the Eastern District of Missouri. ECF No. 1. The petitioner asserts that his prior convictions under Missouri law can no longer serve to subject him to a career offender offense. Id. at 5. For relief, petitioner requests that his sentence and/or conviction be vacated. Id. at 8.

The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

pursuant to Local Rule of Prisoner Litigation Procedure 2. The action was then reassigned to United States Magistrate Judge James P. Mazzone. The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice. ECF No. 8. The magistrate judge informed the petitioner that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with copies of the report and recommendation. The petitioner then filed untimely objections. ECF No. 11.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. As to those findings to which timely objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Because the petitioner filed untimely objections to the report and recommendation, all findings and recommendations of the magistrate judge will be upheld unless they are "clearly erroneous

or contrary to law." Upon review of the report and recommendation, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation to deny the petition and dismiss the petition without prejudice.

As stated above, this Court finds that although the petitioner did file objections to the magistrate judge's report and recommendation, the objections were not timely filed. In reviewing the record, this Court finds that the service of the magistrate judge's report and recommendation was accepted on May 31, 2019. ECF No. 10. Petitioner's objections were filed on June 19, 2019. ECF No. 11. Thus, the petitioner's objections are untimely.

However, this Court additionally notes that even if the petitioner had timely filed his proposed objections to the report and recommendation, it would not impact this Court's decision. In considering petitioner's untimely objections under a de novo review, this Court finds that because petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the test established in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for this Court to have jurisdiction to hear his challenge on the merits. In his recommendation, the magistrate judge correctly found that the petitioner fails to meet the second prong of the Wheeler test. ECF No. 8 at 8. The magistrate judge also noted that petitioner's reliance on Mathis[2] is misplaced, as Mathis does

---

[2] Mathis v. United States, 136 S. Ct. 2243 (2016).

3

not represent a substantive change in the law and has not been held to apply retroactively in this Circuit. Id. at 9. Additionally, the magistrate judge noted in his report and recommendation that petitioner's reliance on Johnson[3] is misguided. Id. Moreover, the magistrate judge correctly stated that even if petitioner could meet the second prong of the Wheeler test, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In petitioner's untimely objections to the magistrate judge's report and recommendation (ECF No. 11), the petitioner objects to the magistrate judge's application and analysis of Mathis and further "objects on the basis that the R&R fails to Liberally Construe Petitioner's arguments as required by law." ECF No. 11 at 2 (emphasis in original). Further, petitioner generally objects to the magistrate judge's analysis of Wheeler, and ultimately reiterates his previous arguments in stating that petitioner meets all four prongs of the Wheeler test.

To address these objections, this Court finds that the magistrate judge expressly noted that as a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by

---

[3]Johnson v. United States, 135 S. Ct. 2551 (2015).

4

lawyers" under Haines v. Kerner, 404 U.S. 519, 520 (1972). ECF No. 8 at 5. However, with this in mind, the magistrate judge determined that even under this less stringent standard, the petition in this case is subject to summary dismissal. Id.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme

5

Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

On de novo review, this Court finds that petitioner fails to meet the second prong of Wheeler and notes that, contrary to petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law, and further finds that petitioner's argument that his career offender status is unlawful because it was based on the residual clause of U.S.S.G. § 4B1.2(a)(2) has been foreclosed by the Supreme Court's decision in Beckles v. United States, which held that the residual clause in § 4B1.2(a)(2) is not void for vagueness because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. 886, 890 (2017). Additionally, this Court finds that even if petitioner could meet the second prong of the Wheeler test, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect.

As to petitioner's remaining objections, this Court finds that petitioner fails to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de novo review.

Upon de novo review of the petitioner's argument, the report and recommendation, and in considering petitioner's untimely

6

objections, this Court finds that because petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 8) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's untimely objections (ECF No. 11) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to file timely objections, he has waived his right to seek appellate review of this matter.  <u>See</u> <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 3, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE